WARNER, C.J.,
dissenting.
I respectfully dissent.
The majority’s decision to follow Pavolini v. Bird, 769 So.2d 410, 413 (Fla. 5th DCA 2000), which holds that a claimant who has a loss of consortium claim that is derivative of her injured spouse’s medical malpractice claim is not required to send a notice of intent to initiate litigation, is contrary to the holding of St. Mary’s Hospital, Inc. v. Phillipe, 769 So.2d 961 (Fla.2000), that a “claimant” under the medical malpractice statute includes persons with derivative claims. See also Bombalier v. Lifemark Hosp. of Fla., 661 So.2d 849 (Fla. 3d DCA 1995).
The majority distinguishes St. Mary’s because it involved the damage cap requirements in section 766.207 and not the pre-suit notice requirements. However, the statutory definition of claimant is the same for all of the sections of the statute. “When a definition of a word or phrase is provided in a statute, that meaning must be ascribed to the word or phrase whenever it is repeated in the statute unless a contrary intent clearly appears.” Nicholson v. State, 600 So.2d 1101, 1103 (Fla.1992). There is no contrary intent manifested in the statute that “claimant” means anything other than the statutory definition, as that definition has now been construed by the supreme court in St. Mary’s. *539 The majority’s opinion would require “claimant” to mean one thing in sections 766.106 and 766.203 and another thing in sections 766.202(1) and 766.207. Statutory construction principles do not permit that result.
Further, the purpose of presuit notice is for the defendant to be able to investigate and settle a case, if possible. See § 766.106(3), Fla. Stat. (1999). To settle, the defendant must know the extent of the damages to any person who may make a claim, including a consortium claimant. Therefore, construing a “claimant” to include a consortium claimant and requiring the claimant to give notice is not inconsistent with the purpose of the act.